(108 So. 242)

## SEABOARD AIR LINE RY. CO. v. McWHORTER. (6 Div. 614.)

(Supreme Court of Alabama. April 22, 1926.)

**1. Carriers ⊂⇒45—Refusal of requested instruction that storage charges are presumed to be reasonable held not prejudicial error, where issue was refusal to pay charges, for which plaintiff denied any liability.**

In trover for goods lost by railway's refusal to ship goods, based on demand for storage charges which plaintiff denied to be due, refusal of railway's requested instruction that storage charges are presumed to be reasonable, though correctly stating the law, was not prejudicial error, in view of issue made.

**2. Carriers ⊂⇒45.**

Railway storage charges, not properly allowable, may properly be alleged to be excessive.

**3. Trial ⊂⇒260(3)—Refusal of requested charge as to burden of proof, properly explained in court's oral charge, held not prejudicial error.**

Refusal of requested charge, purpose of which was to locate burden of proof as to reasonableness of storage charges, *held* not prejudicial error, where court properly explained burden of proof in oral charge.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Mrs. L. B. McWhorter against the Seaboard Air Line Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellant.

A legal presumption exists that the rates and charges made by a carrier are reasonable, in the absence of any proof to the contrary. 24 Stat. 381; 25 Stat. 858; 10 C. J. 426; C., N. O. & T. P. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265.

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellee.

Defendant's requested charge was inapplicable to the case and was well refused.

SAYRE, J. Plaintiff (appellee) declared in trover. Her complaint (counts A and B) was that defendant demanded of her "excessive charges for storage which plaintiff did not owe" on a shipment of household goods from Rockmart, Ga., to Trafford in this state, and that, upon her refusal to pay such charges, defendant refused to ship the goods, so that they were lost to plaintiff.

The only question made on this appeal relates to the action of the trial court in refus-

---

ing to defendant a charge in the following words:

"I charge you, gentlemen of the jury, that in the absence of any proof to the contrary, there is a legal presumption that the storage charges are reasonable."

[1-3] This charge asserted a correct proposition of law (10 C. J. p. 426, § 667), but its refusal was not prejudicial to defendant. The evidence discloses the fact that the controversy between the parties was not about the reasonableness of any charge defendant was entitled to make, but arose out of a storage charge demanded by defendant in such circumstances that defendant was not justified in making any charge; that is to say, the storage charge was based upon a delay in the payment of freight, and so in the shipment of the goods, due entirely to the fault of defendant's agent at Rockmart in neglecting and refusing from day to day to weigh the shipment in order to ascertain the freight to be charged, whereas plaintiff (or her agent) was ready, able, and willing to pay and did offer to pay freight charges if only defendant's agent would let her know how much she would need to pay. All this was denied, but the issue so made was for jury decision. In view of the issue thus made by the evidence, the charge was refused without error. The complaint alleged an excessive charge, and this language breeds the notion that there was a charge excessive in amount, though otherwise lawful; still, a charge where none was allowable may be said to be excessive; and, in any event, the controversy between the parties on this appeal has reference only to the propriety of refusing a charge the sole office of which was to locate the burden of proof as to the reasonableness, in a stricter sense, of the charge for storage. The court in its oral charge properly explained the burden of proof assumed by the plaintiff, and we are unable to see that defendant was hurt by the refusal of the charge in question.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.